IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

SAMEH HANNA,
Individually and on behalf of others
similarly situated,

        Plaintiff,

vs.

MARRIOTT HOTEL SERVICES, INC.,
MARRIOTT INTERNATIONAL, INC.,
and OPRYLAND HOSPITALITY, LLC,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, SAMEH HANNA, Individually and on behalf of others similarly situated, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, and sues Defendant, MARRIOTT HOTEL SERVICES, INC., hereinafter referred to as "MARRIOTT HOTEL", Defendant, MARRIOTT INTERNATIONAL, INC., hereafter referred to as "MARRIOTT INTERNATIONAL", and "OPRYLAND HOSPITALITY, LLC, hereinafter referred to as "OPRYLAND", and alleges:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") to redress Defendants' failure to compensate Plaintiffs and all others similarly situated for overtime work.

1

2. Venue is proper in the Middle District of Tennessee, Nashville Division under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3. Plaintiff, SAMEH HANNA, resides in Antioch, Davidson County, Tennessee.

4. At all times material hereto Defendant, MARRIOTT HOTEL, is a foreign for-profit corporation, engaged in substantial and not isolated business activities within the State of Tennessee, including but not limited to Davidson County in Tennessee. At all times material, Defendant, MARRIOTT HOTEL, was an employer as defined by the Act.

5. At all times material hereto Defendant, MARRIOTT INTERNATIONAL, is a foreign for-profit corporation, engaged in substantial and not isolated business activities within the State of Tennessee, including but not limited to Davidson County in Tennessee. At all times material, Defendant, MARRIOTT INTERNATIONAL, was an employer as defined by the Act.

6. At all times material hereto Defendant, OPRYLAND, is a limited liability company licensed and located and conducting business activities within the State of Tennessee, specifically in Davidson County in Tennessee. At all times material, Defendant, OPRYLAND, was an employer as defined by the Act.

## FACTUAL ALLEGATIONS

7. Plaintiff, SAMEH HANNA, began working for Defendants on or about September 21, 1999, to the present. He is currently a Senior Banquet Captain, but he has also worked as a Banquet Captain and Banquet Server.

8. As a Senior Banquet Captain, he is paid $10.77 per hour plus a non-discretionary bonus each week. As a Banquet Captain, he was paid $7.30 per hour plus a non-discretionary bonus

each week. As a Banquet Server, he was paid $1.94 per hour plus a non-discretionary bonus each week. In his roles as a Banquet Server, Banquet Captain, and Senior Banquet Captain, Plaintiff, and others similarly-situated, were non-exempt employees under the Fair Labor Standards Act.

9. Plaintiff and others similarly situated regularly work 50 to 60 hours each week. This was repeated throughout Plaintiff's employment with Defendants and continues to this day.

10. Defendants employ 300-400 Banquet Servers, Banquet Captains, and Senior Banquet Captains that work at their establishments in the Nashville area at any given time who were and are non-exempt employees, had to adhere to the same policies and procedures of Defendants and had the same work requirements, job duties, and compensation structure as Plaintiff.

11. Plaintiff, and all other similarly-situated Banquet Servers, Banquet Captains, and Senior Banquet Captains, were/are working in excess of forty (40) hours per work week and Defendants knew or should have known.

12. At all times material, Plaintiff, and all other similarly-situated, were regularly required to work in excess of the maximum hours allowed by law (overtime hours). However, Defendants failed to keep accurate time records reflecting the hours worked by Plaintiff and others similarly-situated.

13. Plaintiff, and all others similarly-situated, were/are not exempt from the overtime provisions of the FLSA. Therefore, Plaintiff, and all others similarly-situated, are entitled to overtime compensation for all overtime hours worked under the FLSA.

14. Defendants' violations of the FLSA were/are knowing, willful, and in reckless disregard of the rights of Plaintiff and all others similarly-situated.

15. Plaintiff has retained the services of Rocky McElhaney Law Firm and Florin Gray Bouzas Owens, LLC and is obligated to pay his legal counsel a reasonable fee for their services.

## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

16. Plaintiff, SAMEH HANNA, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fifteen (15).

17. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

18. The employment of SAMEH HANNA provided for a forty (40) hour work week, but throughout his respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

19. At all times material, Defendants failed to comply with 29 U.S.C. ' 201 et seq., in that Plaintiff worked for the Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half for the excess hours worked.

20. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

21. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

22. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 *et seq.,* including 29 U.S.C. § 207.

23. Defendants knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

24. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

25. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

26. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

27. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, SAMEH HANNA, respectfully requests that judgment be entered in his favor against Defendants, MARRIOTT HOTEL, MARRIOTT INTERNATIONAL, and OPRYLAND, including, but not limited to:

   a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

   b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   c. Awarding prejudgment interest;

   d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Determining that the FLSA was violated and an adjudication on the merits of the case;

   f. Ordering any other further relief the Court deems just and proper.

## **COUNT II – FAIR LABOR STANDARDS ACT - COLLECTIVE ACTION**

28. Plaintiff, SAMEH HANNA, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-seven (27).

29. The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff, on behalf of himself and all others similarly-situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

30. At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly-situated to Plaintiff worked for Defendants in excess of the maximum hours allowed by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half their regular rate of pay for the overtime hours worked.

31. Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants in the positions of Banquet Servers, Banquet Captains, and Senior Banquet Captains, or similar positions during the applicable statute of limitations, who have not been compensated at one and one-half times their regular rate of pay for all overtime hours worked, and for Defendants' failure to maintain and preserve payroll records or other records, containing, without limitation, the total hours worked by each class member each workday and total hours worked by each class member each workweek.

32. The putative class members are current, former, and future Banquet Servers, Banquet Captains, and Senior Banquet Captains of Defendants who worked in excess of forty hours in at least one work week during the past three (3) years.

6

33. Treatment of this case as a collective action is proper because all putative class members were subject to the same policies and practices related to their compensation as employees of Defendants.

34. The names and addresses of the putative class members are available from Defendants for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

35. Defendant's failure to pay such similarly-situated individuals the required overtime pay was intentional and willful.

36. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly-situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, SAMEH HANNA, individually and on behalf of all others similarly-situated, respectfully requests all legal and equitable relief allowed by law including, but not limited to:

(a) Designation of this action as a collective action on behalf of Plaintiff and all others similarly-situated;

(b) Judgment against Defendant for overtime compensation, liquidated damages, and prejudgment interest;

(c) Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(d) An adjudication on the merits of the case; and

(e) Such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

37. Plaintiff, SAMEH HANNA, on behalf on himself and all others similarly situated, demands a trial by jury.

        **Respectfully submitted,**

        **ROCKY McELHANEY LAW FIRM, P.C.**

        **s/ Rocky McElhaney**
        **ROCKY McELHANEY, #20205**
        **STEVEN FIFIELD, #28414**
        **475 Saundersville Road**
        **Hendersonville, Tennessee 37075**
        **Phone: (615) 425-2500**
        **Fax: (615) 425-2501**
        **ATTORNEYS FOR PLAINTIFF**

        Dated: March 29, 2018