IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SAMEH HANNA,
Individually and on behalf of others similarly situated,

   Plaintiff,

v.

MARRIOTT HOTEL SERVICES, INC.,
MARRIOTT INTERNATIONAL, INC., and
OPRYLAND HOSPITALITY, LLC,

   Defendants.

Case No. 3:18-cv-00325

Judge: Eli Richardson

Magistrate Judge: Alistair E. Newbern

**MOTION TO DISMISS**
**With Incorporated Memorandum of Law**

  Pursuant to Local Rule 37.01, Defendants Marriott Hotel Services, Inc. and Marriott International, Inc. ("Defendants") move to dismiss the following six opt-in plaintiffs from the case due to their failure to comply with an order compelling them to respond to Defendants' timely discovery requests by May 13: Jouni Hanna, Makram Ibrahim, Hnan Mofed, Hany Moheb, Amgad Naan and Kerolos Saeid.

**BACKGROUND**

1. This FLSA collective action has been conditionally certified.

2. The Court's July 17, 2020 Amended Case Management Order provides that "Defendants shall be entitled to written discovery on all opt-in plaintiffs." (Dkt. 155 at ¶ F(2)).

3. The Notice of Pendency of FLSA Collective Action that the Court approved and the opt-in plaintiffs reviewed notified them: "While this suit is pending, you may be asked to

provide documents or information relating to your employment, or otherwise participate in this matter." (Dkt. 159-1 at 4).

4. Defendants served ten requests for production of documents on the 106 opt-in plaintiffs on January 12, 2021. The opt-in plaintiffs' responses were due on February 11, 2021. The parties later agreed to an extension to March 23.

5. Plaintiffs' counsel mailed letters to each opt-in plaintiff and attempted to reach each opt-in plaintiff by phone. (Dkt. No. 192 at 2). None of the letters were returned due to incorrect address. *Id.*

6. As of April 20, 2021, ten (10) opt-in plaintiffs had not produced any documents or responded to their attorneys. The parties submitted a Joint Statement regarding Defendants' motion to compel these responses on April 20, 2021. (Dkt. No. 192). After a conference on April 22, Magistrate Judge Newbern ordered the ten plaintiffs to produce responsive documents by May 13, 2021, explicitly warning them that if they failed to comply, their claims may be dismissed. (Dkt. No. 193, "Order Compelling Responses").

7. Plaintiffs' counsel have confirmed that, as of the end of the day on May 13, 2021, the following six (6) opt-in plaintiffs had not produced any documents or otherwise responded to the Order Compelling Responses: Jouni Hanna, Makram Ibrahim, Hnan Mofed, Hany Moheb, Amgad Naan and Kerolos Saeid ("Non-Responding Opt-Ins").

8. The deadline for depositions of opt-in plaintiffs and all discovery is May 20, 2021. (Dkt. 193 at 3). The deadline for motions for summary judgment and decertification is June 2, 2021. (Dkt. 191). The trial date is October 12, 2021. (Dkt. 155 at 7).[1]

---

[1] Defendants intend to separately file a motion to postpone the current October 12, 2021 trial date and the impending June 2 deadline for motion for decertification.

# ARGUMENT

The Court explicitly permitted Defendants to take written discovery of <u>all</u> opt-ins.  (Dkt. 155 at ¶ F(2)).  The Non-Responding Opt-Ins failed to produce any responsive documents or confirm that they have none.  Rules 37(d) and 41(b) provide that the failure of the Non-Responding Opt-Ins to respond warrants dismissal with prejudice.  *See* Fed. R. Civ. P. 37(d)(1)(A)(ii); Fed. R. Civ. P. 41(b); *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2021 WL 1171564, at *2 (M.D. Tenn. Mar. 25, 2021) (dismissing with prejudice FLSA plaintiff who failed to appear at his deposition); *Thompson v. Direct Gen. Consumer Prod., Inc.*, No. 3:12-1093, 2015 WL 2366157, at *2 (M.D. Tenn. May 18, 2015) (dismissing non-responding FLSA opt-ins with prejudice); *see also Potts v. Nashville Limo & Transp., LLC*, No. 3:14-CV-01412, 2018 WL 2431641, at *3 (M.D. Tenn. May 30, 2018) (noting that all FLSA opt-ins "who failed to respond to written discovery have been dismissed from the action").

When assessing Rules 37 or 41, the Court must consider four factors:  (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered.  *See Marsh v. Rhodes*, No. 17-1211, 2017 WL 7833767, at *3 (6th Cir. Dec. 14, 2017); *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *see also Davis v. Bilbrey*, No. 3:10-CV-01147, 2012 WL 2947587, at *3 (M.D. Tenn. July 19, 2012) ("The factors used to assess the appropriateness of dismissal under Rule 41(b) for failure to prosecute are 'largely the same' as the [] factors under 37(b).").

As to the first factor, the Court may dismiss claims for failure to cooperate in discovery if the Court concludes that the failure is due to willfulness, bad faith, or fault.  *Patton v. Aerojet*

3

*Ordnance Co.*, 765 F.2d 604, 2 Fed. R. Serv. 3d 900 (6th Cir. 1985). "Regarding the first factor, '[f]or a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Martinez*, 2021 WL 1171564, at *2 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). "A plaintiff that does not act in bad faith, but 'nevertheless shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim,' indicates an intention to allow his case to lapse." *Kovacic v. Tyco Valves & Controls*, LP, 433 F. App'x 376, 380 (6th Cir. 2011) (affirming dismissal with prejudice). It is *Plaintiffs'* burden to show that the failure to comply was due to inability, not willfulness or bad faith. *Johnson Marcraft, Inc. v. W. Sur. Co.*, No. 3:15-1482, 2018 WL 1089685, at *3 (M.D. Tenn. Feb. 28, 2018), report and recommendation adopted, No. 3:15-CV-01482, 2018 WL 3491219 (M.D. Tenn. July 19, 2018) (citation omitted). Here, absent communications from their clients, Plaintiffs' counsel cannot satisfy this burden, and the Non-Responding Opt-Ins' failure to communicate with their attorneys alone supports culpability. *Febus v. Ethicon, Inc.*, No. 3:12-CV-00727, 2019 WL 7496564, at *4 (M.D. Tenn. Dec. 3, 2019), report and recommendation adopted, No. 3:12-CV-00727, 2020 WL 70925 (M.D. Tenn. Jan. 7, 2020) (dismissing claims with prejudice for failure to prosecute after plaintiff stopped communicating with her attorneys); *Williams v. Select Specialty Hosp.*, 2010 WL 93103, at *3 (M.D. Tenn. Jan. 7, 2010) (concluding that dismissal of pro se plaintiffs' claims with prejudice was appropriate in light of the "plaintiffs' lack of interest in the action," without pointing to any evidence of bad faith other than the failure to respond).

As to the second factor, Defendants have been prejudiced in several ways. First, Defendants were prejudiced in their deponent selection. Defendants notified Plaintiffs that they

would select a sample of opt-in plaintiffs for depositions based on the opt-ins' productions of documents. However, given the opt-in deposition deadline, Defendants had to select deponents based on the documents produced at that time. Second, Defendants do not know what documents the Non-Responding Opt-Ins have failed to produce, and do not otherwise have access to those documents, including text and social media messages about Plaintiffs' compensation and the lawsuit. Named Plaintiff Hanna produced text messages with at least five opt-in plaintiffs, none of whom produced the same text message chain. Defendants may be missing out on other information relevant to their defenses due to the Non-Responding Opt-Ins' failure to produce documents.

Third, Defendants have been prejudiced by the "time, money, and effort" that they have spent conferring with Plaintiffs' counsel about this issue. *Rogers v. City of Warren*, 302 F. App'x 371, 378 (6th Cir. 2008); *Util. Serv. Corp. of Huntsville v. Ground Support, LLC*, No. 3:18-CV-00460, 2019 WL 2814667, at *2 (M.D. Tenn. June 7, 2019), adopted, No. 3:18-CV-00460, 2019 WL 2764082 (M.D. Tenn. July 2, 2019).

In addition, Defendants learned through publicly-available court filings that one Non-Responding Opt-In, Hany Moheb, filed for bankruptcy twice after opting in to this case, and did not reveal this case in his bankruptcy filings. In addition to Mr. Moheb not responding to the Order Compelling Responses, Plaintiffs' counsel were unable to produce Mr. Moheb for a deposition because they have lost contact with him.[2]

---

[2] If the Court does not grant this Motion to Dismiss as to Mr. Moheb, Defendants intend to file a separate motion because his claims are barred by the bankruptcy discharge.

5

As to the third factor, the Court explicitly warned the Non-Responding Opt-Ins on April 22, 2021, that if they failed to respond to the Order, their claims may be dismissed. (Dkt. No. 193 at 1).

As to the fourth factor, where "[p]laintiffs' counsel have expressly represented that all reasonable efforts to reach [noncompliant plaintiffs] have been exhausted . . . there is no reason to believe that judicial intervention will prevail." *Camesi v. Uni. of Pittsburg Med. Ctr.*, 2010 WL 2104639, at *10 (W.D. Pa. May 24, 2010) (dismissing with prejudice noncompliant opt-ins). Plaintiffs' counsel have represented that they have exhausted efforts to contact the Non-Responding Opt-Ins. The fact that the Non-Responding Opt-Ins have ceased communicating with their attorneys supports the conclusion that lesser sanctions would not be effective. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (affirming dismissal with prejudice).

## **CONCLUSION**

Defendants ask this Court to dismiss the claims of the Non-Responding Opt-Ins with prejudice.

Dated: May 19, 2021

Respectfully Submitted,

*s/ Hillary J. Massey*
Ariel D. Cudkowicz (admitted *pro hac vice*)
acudkowicz@seyfarth.com
Hillary J. Massey (admitted pro hac vice)
hmassey@seyfarth.com
SEYFARTH SHAW LLP
2 Seaport Lane, Suite 300
Boston, MA 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

Alexander C. Meier (pro hac vice pending)
ameier@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree St., N.E.
Suite 2500
Atlanta, Georgia
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Andrew S. Naylor
andy.naylor@wallerlaw.com
Robert Earl Boston
bob.boston@wallerlaw.com
WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Facsimile: (615) 244-6804

COUNSEL FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 19, 2021, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*s/ Hillary J. Massey*
Hillary J. Massey