IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMEH HANNA,<br>Individually and on behalf of others<br>similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MARRIOTT HOTEL SERVICES,<br>INC., et al.,<br><br>    Defendants. | NO. 3:18-cv-00325<br><br>JUDGE RICHARDSON |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' "Motion to Dismiss for Lack of Prosecution" of six particular opt-in Plaintiffs, namely, Jouni Hanna, Makram Ibrahim, Hnan Mofed, Hany Moheb, Amgad Naan and Kerolos Saeid. (Doc. No. 194, "Motion").[1] For the reasons discussed herein, the Court will grant Defendants' Motion.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

The present case is a collective action complaint under the Fair Labor Standards Act ("FLSA"). (Doc. No. 15 at 1). Allegedly, Defendants comprise a hospitality enterprise that market and sell banquet services at their hotels and resorts and hire employees ("banquet staff") to assist

---

[1] Contrary to Local Rule 7.01(a)(2), Defendants did not file a support memorandum in support of the Motion, but rather included their argument in the Motion itself. The Court has considered Defendants' arguments even though they were not made in a separate document as required, but Defendants are admonished to comply with Local Rule 7.01(a)(2) in the future.

[2] These factual allegations come from Plaintiff's Amended Complaint (Doc. No. 15). The truth (or lack thereof) of them is immaterial for purposes of the instant motion, and they are provided simply as background to provide some context as to the collective action here at issue.

in providing banquet services by setting up before banquet events, serving food and beverages at the event, and cleaning up subsequent to the event. (*Id.* at 3). Defendants allegedly compensate their banquet staff via a banquet compensation scheme. (*Id.* at 3-4). Allegedly, the banquet compensation scheme includes a fixed and variable hourly payment rate, which is based on the staff member's job title/classification. (*Id.* at 4). All banquet staff, allegedly, are hourly, non-exempt employees under the FLSA. (*Id.* at 5). The named Plaintiff, Sameh Hanna, is (and long has been) a member of the banquet staff. (*Id.*).

The named Plaintiff brought this case as a collective action under the FLSA, asserting a claim for unpaid overtime under the FLSA, on behalf of himself and other persons similarly situated. On February 11, 2020, the Court conditionally certified this case as an FLSA collective action, certifying a class (also known in FLSA cases as a "collective") of banquet staff employees of Defendant who met particular criteria. (Doc. No. 127). On May 7, 2020, upon motion of Defendant to amend or clarify the scope of the conditionally certified class, the Court narrowed somewhat the scope of the class. (Doc. No. 150).

As FLSA collective actions allow (and require) conditional class members other than the named Plaintiff(s) to "opt-in" as plaintiffs if they wish to seek and obtain relief on any claim they may have, 29 U.S.C. § 216(b), the parties proceeded to address the extent to which notice would be provided to such class members to advise them of their right and imperative to opt in if they wished to assert an applicable FLSA claim in this action (as opposed to preserving whatever rights they may have to file their own lawsuits asserting such FLSA claim). On August 5, 2020, the Court approved the parties' joint proposal (Doc. No. 157) for providing such notice to conditional class members (and requiring them to opt in by filing consent forms with the Court no later than 60 days after issuance of such notice). (Doc. No. 160). During that 60-day window, up until October 26,

2020, consent forms were filed for scores of opt-in Plaintiffs. The total amount of opt-in Plaintiffs was 106. (Doc. No. 192 at 2). The instant Motion concerns only six of them, who are identified above.

The Court permitted Defendants to take written discovery of all opt-in Plaintiffs, including the six here at issue. (Doc. No. 155 at 4). On January 12, 2021, Defendants served ten requests for production of documents on the 106 opt-in Plaintiffs in this case. (Doc. No. 192 at 2). The opt-in Plaintiffs' responses were due on February 11, 2021; and this deadline was extended to March 23, 2021. (*Id.*). By April 20, 2021, ten of the opt-in Plaintiffs had not produced documents nor responded to communications by Plaintiffs' attorneys. (*Id.* at 3). The parties participated in a conference with the Magistrate Judge on April 22, 2021, after which, the Magistrate Judge ordered the non-responding opt-in Plaintiffs to respond to the Defendants' discovery requests by May 13, 2021. (Doc. No. 193). The Magistrate Judge also warned in the order that a failure to respond may result in the non-responding Plaintiffs' claims being dismissed from the action. (*Id.*). By May 13, 2021, six opt-in Plaintiffs, namely the six identified above, still had not produced any documents or otherwise responded to Defendants' discovery requests.[3] Defendants filed the instant Motion on May 19, 2021. (Doc. No. 194).

## STANDARD

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, the courts have the power, "acting on their own initiative, to clear their calendars of

---

[3] In the Motion, Defendants not only assert this fact, but also represent that Plaintiffs' counsel "have confirmed" this fact. (Doc. No. 194 at 2). Plaintiffs' Response did not refute this in any way and instead seemed to concede the failures alleged by Defendants. (Doc. No. 215 at 1). So it appears undisputed.

cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal.").

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F. 2d at 161 (quoting *Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978)).

## DISCUSSION

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Instead, the six opt-in Plaintiffs have failed entirely to respond to communications from either Defendants or the Plaintiffs' attorneys. Though Plaintiffs' counsel has filed a Response to Defendants' Motion on behalf of the six opt-in Plaintiffs, the Response itself admits that, "Plaintiffs' counsel has not been able to communicate with these six opt-in plaintiffs at all in the past three months." (Doc.

No. 215 at 2). Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter*, 636 F. 2d at 161.

**1. Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc*., 420 F. 3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F. 3d at 591). In their Response, Plaintiffs argue that the six-opt in Plaintiffs have not acted in bad faith, and that is it "highly likely that at least some of them traveled overseas, changed their addresses, or had their phone numbers changed or cut off." (Doc. No. 215 at 2). However, the Plaintiffs' Response also acknowledges that the six non-responding opt-in Plaintiffs have not had contact with the Plaintiffs' attorneys in three months. (*Id.*). And there is nothing in the record to explain this or indicate that any of these six opt-in Plaintiffs have since resurfaced.

Although there is no indication that the six opt-in Plaintiffs' failure to respond to the Defendants' discovery request was driven by "bad faith" in its most nefarious sense, these six are still "at fault for failing to comply with the Court's Order[ ]." *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017), *report and recommendation adopted by* 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017). Additionally, an abandonment of communication between a party and his attorney also illustrates bad faith, willfulness, or fault. *See Febus v. Ethicon, Inc.*, No. 3:12-CV-00727, 2019 WL 7496564, at *4 (M.D. Tenn. Dec. 3, 2019)*, report and recommendation adopted*, No. 3:12-CV-00727, 2020 WL 70925 (M.D. Tenn. Jan. 7, 2020). Finally, Plaintiffs bear the burden of "showing that [their] failure to comply was due to inability, not willfulness or bad faith." *Marsh v. Rhodes*, No. 17-1211, 2017 WL 7833767, at *3 (6th Cir.

Dec. 14, 2017) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). The six non-responding opt-in Plaintiffs have failed to carry this burden. This factor weighs in favor of dismissal.

### 2. Prejudice

Defendants argue they were prejudiced by the six opt-in Plaintiffs failure to respond in numerous ways, including: not being able to depose any of the six, not knowing what documents the non-responding Plaintiffs have failed to produce, and spending time, money, and effort on conferring with Plaintiffs' counsel about this issue. (Doc. No. 194 at 4-5). Plaintiffs respond that Defendants were not actually prejudiced, because none of the non-produced materials are relevant to the issues in this case, and Defendants sought overly broad discovery, which accounts for their time and money expenditures, not the non-response of six opt-in Plaintiffs. (Doc. No. 215 at 2-3).

As an initial matter, the Court notes that Plaintiffs have never moved for a protective order on the grounds that the discovery sought was not relevant and/or that Defendants' requests were overly broad. This dissuades the Court from relying on Plaintiffs' recent conclusory (even if convenient) assertion that that the discovery requests were too broad and sought irrelevant material.

Moreover, the Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.' " *Carpenter v. City of Flint*, 723 F. 3d 700, 707 (6th Cir. 2013) (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F. 3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F. 3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F. 3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel);

*Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W. D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Here, the six opt-in Plaintiffs failed to respond to Defendants' initial requests for production, which required Defendants to expend time, money, and effort pursuing cooperation via this Court and their own labors to connect with the non-responding Plaintiffs. (Doc. No. 194 at 2). Additionally, all parties are entitled to a just and prompt resolution of their cases. The failure to actively participate in discovery (and the subsequent failure to advance litigation), as the six opt-in Plaintiffs have here, prejudices the parties and reflects the type of situation where the court should intervene. Thus, this factor weighs in favor of dismissal.

### 3. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration' " in the Rule 41(b) analysis. *Schafer*, 529 F. 3d at 740 (quoting *Stough v. Mayville Cmty. Sch.*, 138 F. 3d 612, 615 (6th Cir. 1998)). Here, the Court expressly warned the six opt-in Plaintiffs that their failure to provide responses to Defendants' discovery requests by the extended deadline could lead to dismissal for failure to prosecute. (Doc. No. 193). Additionally, the Defendants filed this present Motion to Dismiss on May 19, 2021, which would have further apprised these six Plaintiffs of the risk that their claims could be dismissed. (Doc. No. 194).

Nonetheless, the six opt-in Plaintiffs failed to respond to the discovery requests or to provide any opposition to this Motion.[4] This factor weighs unambiguously in favor of dismissal.

   **4. Appropriateness of Other Sanctions**

Defendants argue that the claims of the six non-responding opt-in Plaintiffs should be dismissed with prejudice. (Doc. No. 184 at 6). Plaintiffs respond that a less drastic sanction should be imposed since only "six out of over 100 opt-in[]" Plaintiffs were unreachable. (Doc. No. 215 at 3).

As an initial matter, the Court grants Plaintiffs the point that the instant Motion involves only a very small percentage of the Plaintiffs. But this reality does not support a less drastic sanction for the small number of Plaintiffs who are involved as much as it supports limiting the remedy to the six Plaintiffs concerned—which, as should come as no surprise, is exactly what the Court will do.

Moreover, although courts "prefer[ ] that claims be adjudicated on their merits, dismissal is appropriate when a [] litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F. 2d 108, 110 (6th Cir. 1991); *see also Beard v. HSBC Mortg. Servs., Inc.*, No. 1:15-CV-1232, 2017 WL 1900555, at *3 (W.D. Mich. Apr. 18, 2017), *report and recommendation adopted,* No. 1:15-CV-1232, 2017 WL 1881468 (W.D. Mich. May 9, 2017) ("If a plaintiff files a lawsuit and abandons it, the appropriate sanction is dismissal.").

As already explained, that pattern of delay is present here, and the six opt-in Plaintiffs have done nothing to reverse (or make amends for) that pattern despite having many months to do so.

---

[4] Again, the Court acknowledges that Plaintiffs' counsel did file a Response opposing Defendants' Motion. (Doc. No. 215). However, as previously discussed, the Response acknowledges the six non-responding opt-in Plaintiffs in question were not in contact with Plaintiffs' counsel at the time counsel filed the Response, nor had the six opt-in Plaintiffs responded to communications by Plaintiffs' counsel for three months prior. (*Id.* at 2).

While dismissal without prejudice is a lesser sanction, when an individual's "only noted participation in [the] litigation has been to file the FLSA opt-in form, no lesser sanction would be appropriate." *Williams v. Le Chaperon Rouge*, No. 1:07-CV-829, 2008 WL 2074039, at *1 (N.D. Ohio May 14, 2008); *see also Thompson v. Direct Gen. Consumer Prod., Inc*., No. 3:12-1093, 2015 WL 2366157, at *2 (M.D. Tenn. May 18, 2015) ("[T]he lesser sanction of dismissal without prejudice is not appropriate because that approach would allow the non-responsive Plaintiffs to simply re-file in district court and start the process all over again, just as though nothing had ever gone wrong.") (quotations omitted)). This factor weighs in favor of dismissal.

Accordingly, dismissal with prejudice of the six non-responding opt-in Plaintiffs' claims is the appropriate sanction. *See Brennan v. Cambridge Mun. Ct*., No. 96-3485, 1998 WL 791801, at *2 (6th Cir. Nov. 5, 1998) (affirming dismissal with prejudice of pro se plaintiff's claims for failure to prosecute where plaintiff took no action in his case for almost a year and therefore exhibited a clear pattern of delay).

## CONCLUSION

All four factors set forth above weigh in favor of dismissal of this case. While dismissal under Rule 41(b) is a "harsh sanction," the six non-responding opt-in Plaintiffs have been given multiple opportunities to participate in this litigation and have chosen not to do so. The six opt-in Plaintiffs were given ample opportunity to respond to Defendants' discovery requests and specifically advised that this failure to cooperate and failure to comply with the Court's orders could lead to dismissal. No other further less drastic sanction would be appropriate in this case. For the reasons discussed, Defendants' Motion is **GRANTED**. The claims of the six non-responding opt-in Plaintiffs, Jouni Hanna, Makram Ibrahim, Hnan Mofed, Hany, Moheb, Amgad Naan and Kerolos Saeid, are **DISMISSED with prejudice.**

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE